COHEN, J.,
dissenting.
I fully agree with the trial court’s rejection of Appellant’s experts’ opinions of his “antique”[1] Jeep’s fair value at the time of the collision and its summary final judgment in favor of State Farm.
The record reflects that Mr. Artes based his opinion of the Jeep’s value, between $18,000 and $24,000, on his records of other Jeeps’ listing prices, not sale prices. He provided no documentation or testimo *46 ny about what comparable Jeeps would sell for in the market. While Mr. Artes may be an expert in customizing Jeeps, his testimony was not competent on fair market value because it was not based upon what price a willing buyer would pay a willing seller. It is not enough that a witness is qualified in some general way; he must have special knowledge about the discrete subject upon which he is called to testify. See United Techs. Commc’ns Co. v. Indus. Risk Insurers, 501 So.2d 46, 49 (Fla. 3d DCA 1987). Therefore, the trial court did not abuse its discretion in rejecting Mr. Artes’ opinion on fair market value because he had no knowledge of similar vehicles’ market values. Mr. Artes’ knowledge of listing prices for Jeeps is simply not relevant to his opinion of the fair market value of Appellant’s “antique” Jeep.
Appellant testified that he had spent $30,000 on the Jeep since 1991. His opinion that its fair market value was between $20,000 and $30,000 relied on his records of expenditures over the years and Mr. Artes’ opinion that it was worth $18,000 to $24,000, based upon his knowledge of listing prices.
The trial court did not abuse its discretion in granting State Farm’s motion to exclude Mr. Wray as an expert or to exclude his testimony after concluding that he did not qualify as an expert and that his determination of market value was not based on any market analysis. Mr. Wray did not use Kelley or NADA to value Appellant’s Jeep, but, instead, telephoned individuals at other vehicle customizing shops for their opinions based upon his telephoned description of Appellant’s Jeep.
Acceptance or rejection of expert testimony is a matter within the sound discretion of the trial court, and its decision will not be overturned on appeal absent a showing of abuse of discretion. Doctors Co. v. State, Dept. of Ins., 940 So.2d 466, 469 (Fla. 1st DCA 2006) (citation omitted). Further, an expert opinion is inadmissible where it is apparent that the opinion is based on insufficient data. Id. at 470.
I would affirm.

. Vega never identified his 1983 CJ7 4x4 Jeep as an "antique" to State Farm. He purchased the vehicle in 1991 for $4400, and, at the time of the collision, it had about 230,000 miles on the odometer.